UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILTER PLUS, INC.,

    Plaintiff,

v.                                                         Case No. 16-12974

THE O R COMPANY & SURGICAL
PRINCIPALS INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS

    This is a patent infringement case. Plaintiff Filter Plus, Inc. alleges that Defendants The O R Company and Surgical Principles, Inc. manufacture and distribute a knock-off of one of Plaintiff's products, protected by U.S. Patent No. 7,537,563 ("the '563 Patent"). After Defendants filed a motion to dismiss, (Dkt. # 11), Plaintiff submitted an amended complaint, (Dkt. # 14). Defendants withdrew their first motion and filed the motion to dismiss presently before the court, arguing that Plaintiff's amended complaint fails to state a claim upon which relief can be granted and that this court lacks personal jurisdiction over either Defendant. (Dkt. # 19.) The motion is fully briefed and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the court will deny Defendants' motion.

## I.  BACKGROUND

    For the purposes of this motion, the court accepts Plaintiff's well-pleaded factual allegations as true. Plaintiff is a Michigan corporation that designs, manufactures, imports, and markets a variety of surgical tools and supplies. Defendant The O R

Company is an Australian corporation that also develops and supplies medical devices, and uses Defendant Surgical Principles, a Washington state corporation based in Tacoma, Washington, as its United States distributer. (Dkt. # 14, Pg. ID 66-67.)

Plaintiff owns the '563 Patent, entitled "Heater for Surgical Viewing Instruments." (Dkt. # 14-2.) Plaintiff markets and sells a product covered by the '563 Patent that warms surgical scopes to body temperature before use to prevent the scopes' lenses from clouding. Defendant Surgical Principles purchased these scope warmers from Plaintiff from 2002 to 2015. As part of these sales, Plaintiffs regularly communicated with Timothy Wynne, who holds an ownership interest in both Defendants and exerts control over at least Surgical Principles. (Dkt. # 14, Pg. ID 67.)

In 2016, Defendants contacted Ten-Comfort, the Taiwan-based manufacturer of Plaintiff's scope warmer, to source a "knock-off." Defendants stopped purchasing Plaintiff's product and began marketing their own scope warmer, the "Liquid Scope WarmOR." Plaintiff then initiated this litigation, claiming that Defendants infringed the '563 Patent by importing and selling the accused product. (Dkt. # 14, Pg. ID 71.)

## II. STANDARD

### A. Failure to state a claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for the "failure to state a claim upon which relief can be granted." In patent cases, the standards applicable to Rule 12(b)(6) motions are those articulated by the regional court of appeals rather than by the Federal

Circuit. *See R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1331 (Fed. Cir. 2013)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Bare allegations are not enough. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). The court "primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

### B. Personal jurisdiction

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). To determine whether personal jurisdiction exists in a patent infringement action, the court applies the law of the Federal Circuit. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). For the court to exercise personal jurisdiction over a non-consenting defendant outside the boundaries of the forum state, two requirements must be satisfied. *See Red*

3

*Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). First, the defendant must be subject to personal jurisdiction under the laws of the forum state, in this case the state of Michigan. *Id.* Second, the exercise of personal jurisdiction over the defendant must comport with the due process clause. *Id.* In addition, the plaintiff must follow the general guidelines for pleadings standards—the plaintiff must allege specific facts to show the standard has been met for personal jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009) (stating that complaints must follow federal pleading standards for personal jurisdiction issues as well).

### III. DISCUSSION

Defendants provide two grounds for their motion to dismiss. First, that Plaintiff's complaint fails to state a claim upon which relief can be granted because it does not allege facts showing that the accused product meets each limitation of the claim. Second, that the complaint does not allege sufficient facts to show that the court has personal jurisdiction over Defendants. The court will address each in turn.

#### A. Failure to state a claim

Prior to December 1, 2015, plaintiffs alleging patent infringement only needed to meet the lower pleading standard set by Federal Rule of Civil Procedure 84 and Form 18. However, Rule 84 has since been abrogated, and the parties agree that the standard elucidated under *Twombley* and *Iqbal* applies here. (*See* Dkt. # 19, Pg. ID 107; Dkt. # 23, Pg. ID 330.)

The Sixth Circuit has not yet set out the pleading requirements for a direct infringement claim under the *Twombley* and *Iqbal* standard. Most other district courts

that have considered the question have concluded that plaintiffs must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *e.Digital Corp. v. iBaby Labs, Inc.*, 2016 U.S. Dist. LEXIS 111689, *8 (N.D. Cal. August 22, 2016) (collecting cases).

Plaintiff asserts only the first claim to the '563 Patent, which has the following limitations:

> A system for warming an endoscope, laparoscope, or other such instrument to minimize fogging, comprising:
>
> - A flexible pad having a length, a width and a periphery for wrapping around the instrument, the pad including a mixture of water and sodium acetate to generate heat through an exothermic reaction;
>
> - An activation disc located around the periphery of the pad; and
>
> - One or more elongate partitions running lengthwise along the pad to establish fold lines, each partition including a gap to facilitate fluid transfer of the mixture.

(Dkt. # 14-2, Pg. ID 82.) Defendants argue that Plaintiff fails to allege facts to support a plausible inference that the accused product meets either the second or third limitation.

Plaintiff attaches a claim chart to the complaint. (Dkt. # 14-3.) The chart matches each claim limitation to one or more images of the accused product, along with a description. Defendants take issue with two sections of the chart. First, dealing with the second limitation, as displayed in Defendants motion:

5



(Dkt. # 19, Pg. ID 104 (emphasis Defendants'.) Defendants argue that "[P]laintiff has no explanation or allegation as to how or why the 'a mixture of water and sodium acetate' limitation is met in the accused device. Plaintiff simply asserts '[t]he pad includes a mixture of water and sodium acetate[.]'" (*Id.*) This, Defendants urge, is insufficient under the *Twombly* and *Iqbal* standard. The court disagrees.

A limitation describing the chemical content of a container is not one that easily lends itself to being shown with a picture of the product. Defendants complain that that this is "nothing but a repetition of the claim language," (*Id.*), but do not indicate how, other than providing a statement of the (alleged) content and (alleged) potential for chemical reaction Plaintiff could allege more specific facts showing that the accused product "includes a mixture of water and sodium acetate to generate heat through an exothermic reaction." Plaintiff's factual allegation in this way does not assert a mere

6

legal conclusion. The court finds it a straightforward statement of fact sufficient, in these circumstances, under *Twombley* and *Iqbal*.

Second, Defendants criticize the following section:



(Dkt. # 19, Pg. ID 105.) Defendants argue that the bottom-right picture does not demonstrate a ". . . partition including a gap to facilitate fluid transfer of the mixture" as stated in the limitation. (*Id.*) Rather, the picture shows that "the partition is integral and whole for all its length." (*Id.*) As a result, Defendants argue, Plaintiff has not pleaded sufficient specific facts to meet this limitation.

Defendants argue that "Plaintiff opted not to state that its infringement theory is that the space around (not included in) the partition that meets the 'each partition including a gap' limitation of Claim 1. Plaintiff chose not to articulate that theory because it is indefensible[.]" (*Id.*) However, by including the arrows, Plaintiff implies that the "gap"

7

Plaintiff points to are the gaps between the partition and the seam (or end) of the pad. The court declines to engage in a lengthy analysis of the merits of Plaintiff's implicit construction at this time—such an issue is more appropriately reserved for a full hearing on the meaning of claim language. *Markman v. Westview Instr., Inc.*, 517 U.S. 370 (1996).

The standard for a motion to dismiss is forgiving. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombley*, 550 U.S. at 556. Plaintiff has pointed to an accused infringing product, identified the claim at issue, provided a claim chart that maps the limitations of its claim to features of the accused product, and alleges facts to suggest Defendants had notice of the patent. Plaintiff's implicit interpretation of "each partition including a gap," based on the complaint and the exhibits attached thereto, is at least "plausible" within the meaning of *Twombley*, 550 U.S. 570. As a result, Rule 12(b)(6) dismissal is not available. *Id.*

### B. Personal jurisdiction

Defendants argue that for this court to exercise personal jurisdiction over Defendants would violate due process. (Dkt. # 19, Pg. ID 114.) Defendants have not attached an affidavit in support of their motion. Rather, they argue that Plaintiff's allegations do not meet the pleading standard—that Plaintiff has not plead sufficiently specific facts to show that Defendants have adequate minimum contacts with the state of Michigan. (*Id.*)

The courts have determined that Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the

8

Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 91945) (citation omitted). The contact with Michigan must purposeful and sufficient, such that Defendants should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Importantly, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

To determine whether personal jurisdiction exists in a patent infringement case, courts apply the law of the Federal Circuit, not the regional circuit. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). The court may exercise either limited personal jurisdiction (also called "specific" personal jurisdiction) or general personal jurisdiction. *See Red Wing*, 148 F.3d at 1359. Limited jurisdiction exists when the cause of action at issue arises out of or relates to a defendant's contacts with the forum state, even if those contacts are isolated and sporadic. *See id.*; Mich. Comp. Laws § 600.715. General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state justifying the court's exercise of judicial authority with respect to any and all claims against the defendant; in other words, the defendant may be subject to jurisdiction even when the cause of action has no relation to the defendant's contacts

9

within the forum state. *See Red Wing*, 148 F.3d at 1359; Mich. Comp. Laws § 600.711(3).

Plaintiff's allegations relating to personal jurisdiction are as follows:

5. This Court has personal jurisdiction over Defendants because they, based on information and belief, import, manufacture and supply infringing products in and into the United States, including within this Judicial District. Further, upon information and belief, Defendants regularly and continuously engage in substantial sales and other business transactions in Michigan, and have sold infringing products and/or committed infringing acts in this Judicial District.

6. For example, in violation of 35 U.S.C. § 271, Defendants place infringing products into the stream of commerce, with the knowledge or understanding that such products will be sold and used in this Judicial District. On information and belief, SP is a USA distributor of the infringing products for OR, which also sells infringing product via the internet. Also on information and belief, SP maintains regional sales representatives throughout the United States, including one or more representatives with responsibility for sales within Michigan and this Judicial District. Therefore, because SP, on behalf of Defendants, has assigned responsibility for sales in the State of Michigan to a sales representative, Defendants intend for product accused of infringing the patent-in-suit[] to be sold in Michigan and within this Judicial District. Based on information and belief, product accused of infringing the patent-in-suit[] has been sold or has been offered for sale in Michigan.

7. Personal jurisdiction over Defendants is also proper in the Court because OR and SP, until 2016, purchased product directly related to the willfulness claims asserted in this Amended Complaint from Plaintiff, a Michigan resident. Defendants have, therefore, engaged in financial transactions within the State of Michigan that are directly relevant to these proceedings.

8. Further, prior to 2016, and in connection with the purchase of product relevant to the claims asserted in this Amended Complaint from Plaintiff, Timothy Wynne, an owner of Defendants, engaged in direct communication and negotiations with the principal of the Michigan-based Plaintiff, including multiple phone calls and emails with Plaintiff concerning sales of Plaintiff's patented product knocked-off by Defendants.

(Dkt. # 14, Pg. ID 65-66.)

Plaintiff does not explicitly state whether its view is that the court has limited personal jurisdiction, general personal jurisdiction, or both. However, Plaintiff's brief points only to the limited personal jurisdiction section of Michigan's long-arm statute, (*see* Dkt. # 23, Pg. ID 340 (citing Mich. Comp. Laws 600.715(1))), and address only the due process standard for limited personal jurisdiction, (*see id.* (discussing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002))). Accordingly, the court will examine whether Plaintiff has alleged specific facts to meet the requirements for limited personal jurisdiction.

To determine whether Defendant may constitutionally be subject to limited personal jurisdiction in Michigan, the court applies a three-prong test. *See Hi-Tex*, 87 F. Supp.2d at 743-44 (citing *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306 (Fed. Cir. 1999). First, the court must determine whether Defendant "purposefully directed its activities at the residents of the forum." *Id.* Second, whether the cause of action "arises out of or is related to those activities." *Id.* Finally, whether the court's assertion of personal jurisdiction would be "reasonable and fair." *Id.*

Plaintiff's allegations relating to infringing activity within the confines of this district are largely conclusory. As Defendants correctly observe in their reply brief:

> Plaintiff pleads no facts alleging the who, what, when[,] and where of any alleged infringing act. . . . Plaintiff never suggests that a specific vendor made a sale in this jurisdiction, or that a specific customer made a purchase here, or even that Plaintiff was able to purchase an accused product from a website. Plaintiff has not identified any marketing materials found in this jurisdiction, any accused products in use in this jurisdiction, or even any specific hearsay that would substantiate its conclusory allegations.

(Dkt. # 26, Pg. ID 354.) Plaintiff's specific factual allegations primarily relate to Plaintiff's prior sales of its scope warmer to Defendants, and communications concerning those transactions, which do not give rise to Plaintiff's claim.

Defendants urge the court to disregard factual allegations made "on information and belief" and dismiss the complaint. (Dkt. # 19, Pg. ID 114.) However, the allegations made "on information and belief," if true, would render Defendants subject to an exercise of personal jurisdiction by this court—and it is not clear to the court that it may so casually disregard them.[1] Further, Defendants have declined to submit an affidavit detailing the actual extent of their contacts to the state of Michigan, so the court is unable to conclusively determine that Defendants are not subject to the court's personal jurisdiction.

To resolve this issue, the court will order limited discovery. A district court, reviewing a motion to dismiss for lack of personal jurisdiction, in its discretion "may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Carrier Corp. v. Outokump Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.3d 1454, 1458 (6th Cir. 1991)). Defendants are in a better position than Plaintiff to know whether the accused product has been imported to or sold in the Eastern District of Michigan. Thirty days of limited discovery should be more than sufficient to determine that question.

---

[1] To support their contention that "a court need not accept as true allegations that are made purely on information and belief[,] (Dkt. # 19, Pg. ID 114), Defendants point to *Twombley*, 550 U.S. 551, 564-70. But the Supreme Court disregarded the pleadings in *Twombley* because they were conclusory and insufficiently specific, not because they were made "on information and belief." *Id.* at 564 (describing the allegations as "merely legal conclusions").

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. # 19) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is AUTHORIZED to conduct thirty days of limited discovery from the date of entry of this order to ascertain whether this court may exercise personal jurisdiction over Defendants. This discovery may include discovery pursuant to Federal Rule of Civil Procedure 30(b)(6).

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to file a supplemental brief addressing whether this court may permissibly exercise personal jurisdiction over Defendants within 45 days of the date of entry of this order. This brief shall include specific factual allegations regarding the importation, sale, or marketing of the accused product within the Eastern District of Michigan.

                                                                             s/Robert H. Cleland                /
                                                                             ROBERT H. CLELAND
                                                                             UNITED STATES DISTRICT JUDGE

Dated: February 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2017, by electronic and/or ordinary mail.

                                                                             s/Shawna C. Burns                /
                                                                             Case Manager Generalist
                                                                             (810) 984-2056

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-12013.FILTERPLUS.motion.to.dismiss.TLH2.docx